IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID MEYERS,

   Petitioner,

v.

U.S. DISTRICT COURT FOR THE
DISTRICT OF MARYLAND BALTIMORE
DIVISION

   Respondent.

Civil Action No.: DKC-23-3015

**MEMORANDUM OPINION**

Self-represented Petitioner David Meyers, an inmate currently incarcerated at the Alexander Correctional Institute in Taylorsville, North Carolina, filed the above captioned "Petition for Writ of Mandamus". ECF No. 1. Mr. Meyers has not paid the filing fee or sought leave to proceed *in forma pauperis*. Because the matter must be dismissed, he will not be required to cure the deficiency.

On the same day Mr. Meyers filed this Petition, he filed another Petition for Writ of Mandamus seeking to compel certain action by Judges and employees of the United States Court of Appeals for the Fourth Circuit. *Meyers v. Judge Niemeyer, et al.*, Civil Action No. DKC-23-3014 (D. Md.). Accompanying the Petition is Mr. Meyers' Motion to Consolidate the two actions. ECF No. 2. As the actions are sufficiently unrelated and name different Respondents, the Motion to Consolidate will be denied.

Here, Mr. Meyers seeks copies of all documents previously filed in three cases he litigated in this court: Civil Action Nos. ELH-18-128; ELH-18-2918; and CCB-18-3353. ECF No. 1 at 1. Mr. Meyers' allegations are not always clear and border on the fantastic but, at base, he claims that

his legal materials related to the cases he previously litigated in this court have been confiscated by correctional staff at his place of incarceration.[1]  *Id*. at 2-3.  Mr. Meyers claims that he has a clear right to have the copies of everything filed in his civil cases provided to him by the Clerk of Court at no expense.  *Id*.

Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available.  *See In re Braxton,* 258 F. 3d 250, 251 (4th Cir. 2002); *In re First Fed. Sav. & Loan Ass'n*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998).  The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361.  *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993).

Further, mandamus is a drastic remedy used only in extraordinary circumstances.  *See Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976); *United States v. Moussaoui*, 333 F. 3d 509, 516-17 (4th Cir. 2003).  Only "exceptional circumstances" amounting to "a judicial usurpation of power" or a "clear abuse of discretion" will justify the award of mandamus.  *Cheney v. U.S. District Court of the District of Columbia*, 542 U.S. 367, 380 (2004).

Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court.  *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th

---

[1] Any constitutional claims arising from Mr. Meyers' incarceration may be filed in a civil rights case under 42 U.S.C. § 1983 in the United States District Court in the district where Mr. Meyers is incarcerated.

Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *See Central South Carolina Chapter, Soc. of Professional Journalists, Sigma Delta Chi v. United States Dist. Court for the Dist. Of South Carolina,* 551 F.2d 559, 562 (4th Cir. 1977); *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *First Fed. Sav. & Loan Ass'n v. Baker,* 860 F. 2d 135, 138 (4th Cir. 1988); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

An indigent litigant has, by statute, opportunities to obtain waivers of certain fees otherwise due in litigation. For instance, 28 U.S.C. § 1915 authorizes a court to grant *in forma pauperis* status, thus waiving the prepayment of the filing fee. Similarly, criminal sentencing transcript fees can avoided under 28 U.S.C. § 753(f) for an appeal that is non-frivolous. Beyond that, there is no automatic right to copies of court documents free of charge. *Quinones-Cedeno v. Healey*, Civil Action No. 1:20-CV-48, 2022 WL 20438232, *1 (N.D.W.Va. March 4, 2022)(citing *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152 (4th Cir. 1972)). Rather, a showing of particularized need is required at a minimum. An indigent is not entitled to copies merely to comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

Here, Mr. Meyers does not establish that he has a clear right to the relief he requests or that Respondent has a clear duty to perform a ministerial action. Mr. Meyers offers little reason for his request other than his indigence and his claim that correctional staff have improperly taken his legal materials and he no longer has access to copies of the documents filed in these cases. Mr.

3

4

Meyers does not explain why he requires access to these long-concluded cases. Moreover, Mr. Meyers may have other means to seek access to his legal materials such as through the administrative grievance process where he is incarcerated and, if unsuccessful, by filing a civil rights complaint in the district where he is confined.

Accordingly, the Petition for Writ of Mandamus is denied. A separate Order follows.

February 8, 2024                              _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge